EDWIN A. LOMBARD, Judge.
liThe appellants, Autry McFarland and Joe Richard Aidoo appeal a judgment rendered by the district court on June 15, 2009, granting the Exception of Prescription filed by Whitney National Bank. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

On August 13, 1998, Mr. Aidoo executed a promissory note to Whitney National Bank. On December 6, 1999, Whitney National Bank filed suit on the promissory note in the Civil District Court, Parish of Orleans. After Mr. Aidoo answered the suit through his attorney of record, Whitney filed a motion for summary judgment. After being served with notice of the hearing on the motion, counsel for Mr. Aidoo faxed correspondence to counsel for Whitney National Bank stating that Mr. Aidoo was willing to sign a consent judgment and that he (counsel for Mr. Aidoo) would not be appearing in court because his “client has no defenses.” Counsel for Whitney National Bank appeared at the hearing on May 26, 2000, to argue the unopposed motion. Finding the law and evidence in favor of Whitney National Bank, the district court granted summary judgment in favor of 12the bank and signed a judgment dated May 26, 2000. No appeal was taken from this judgment.
In January 2001, Whitney National Bank filed a rule against Mrs. Aidoo seeking authority to seize community property in order to satisfy the debt. The appellants were served with the rule and a hearing took place on October 25, 2002, wherein the district court granted the requested relief. After the appeal delays *456 had run, Whitney National Bank filed a request for writ of fieri facias on February 6, 2003, and on March 10, 2003, the sheriff was instructed to seize and sell certain immovable property owned by the appellants.
Meanwhile, in March 2002, Whitney National Bank filed a Petition for Simulation, alleging that the appellants’ transfer of community property to the A.L.A.A. Trust was a simulation. In March 2005, the appellants filed a Reconventional Demand asserting that the original judgment obtained by Whitney National Bank was “false and improper” and seeking damages for the fraudulent conduct of both WTiitney National Bank and its counsel. As defendants-in-reconvention, Wdiitney National Bank and its counsel filed exceptions of no cause of action and res judicata and/or a motion for summary judgment. On June 2007, however, the district court denied the exceptions/motion, noting that the pro se appellants appeared to be alleging a claim for malicious prosecution and in their Reconventional Demand sought to annul the Judgment obtained in the suit on the promissory note. Subsequently, in response to the district court’s determination that the appellants were essentially seeking a nullity action under La.Code Civ. Proc. art. 2001, et seq., counsel for Whitney National Bank, as defendants-in-reconvention, filed a motion for partial summary judgment on March 17, 2009, asserting that the judgment was valid and enforceable, there were no material facts |ain dispute regarding the actions of counsel on behalf of WRitney National Bank, and, thus, there was no evidence to show that counsel committed fraud or ill practices under La.Code Civ. Proc. art. 2003. In the alternative, counsel pointed out that even assuming an action for nullity could be asserted, the claim had long since prescribed.
Several days later, on March 20, 2009, counsel filed as a separate pleading on behalf of Whitney National Bank as defendant-in-reconvention which included the Exception of Prescription underlying the instant appeal, arguing that the appellants claim in nullity prescribed well before the filing of their Reconventional Demand. At a hearing on May 1, 2009, the district court heard both the motion for partial summary judgment filed on behalf of counsel for WTiitney National Bank and the Exception of Prescription filed on behalf of WTiitney National Bank. On May 18, 2009, the district court rendered judgment granting the motion for partial summary judgment in favor of counsel for WTiitney National Bank. The appellants appealed and on April 14, 2010, this court affirmed the judgment of the district court.
In the instant matter, the district court issued a judgment on June 15, 2009, granting the exception of prescription filed on behalf of WTiitney National Bank. In its reasons for judgment, the district court found that the judgment against the appellants was signed on May 26, 2000, and pursuant to La.Code Civ. Proc. art. 2004, “the Aidoos’ claim for nullity is prescribed because it was not brought within one year of the date where the fraud of ill practices should have been discovered.” The appellants, in proper person, filed a Motion for a New Trial on the issue of prescription as to the Reconventional Demand. After a hearing, the trial court denied the Motion for New Trial on October 30, 2009. In its reasons for | ¿judgment, the trial court found (1) the original suit to enforce the promissory note was filed in December 1999; (2) summary judgment was granted on the note in May 2000; and (3) her review of the record revealed that “Mr. Aidoo had always maintained that ‘the suit might be illegal because the loan was for businesses’ and he executed them as an officer of the corporation without any war *457 ranty, collateral, or guarantee.’ ” After noting its prior finding that the appellants’ Reconventional Demand was, in effect, a Petition for Nullity, the trial court concluded that “[w]hile the Aidoos assert that they did not have enough information to file their reconventional demand until October, 2004, when they received the partial loan file from the Whitney National Bank, the court finds that at best, the loan file would have simply substantiated their long asserted claim of fraud” and, as it was not filed within a year, it is prescribed.

Discussion

The sole issue in this appeal is whether the trial court erred in finding that the appellants’ fraud claim is prescribed.
Pursuant to La.Code Civ. Proc. art. 2004, an action to annul a final judgment obtained by fraud or ill practices must be brought within one year of the date that the claimants knew or should have known of the fraud or ill practices. In their pro se brief,[1] the appellants assert:
The Trail [sic] Court erred in finding that the Aidoos should have known that the actions of Whitney was [sic] fraud in 1999 and 2000 because in an earlier filing, December 14, 2004, Memorandum, Aidoo said he informed Attorney Holden that the suit may be illegal or the note may be enforceable. Louisiana Code of Evidence ART. 201(2) the Adjudicated facts must be facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably [sic] questioned. The undeniable evidence of fraud is in the loan file. [5 Without the evidence that was never released until October 4th 2004, the Ai-doos could have cried foul play until this date and would not have any evidence to support their claims.
Thus, paradoxically, in arguing that the district court erred in finding that they knew or should have known of the alleged fraud prior to October 2004, the appellants acknowledge that they knew or should have known of the alleged fraud and evidence of this knowledge is in the record relied upon by the district court. The prescriptive period is governed by the claimant’s knowledge not, as intimated by the appellants, the claimant’s ability to produce “undeniable evidence” necessary to succeed at trial. Accordingly, the appellant’s argument is meritless.

Conclusion

The judgment of the district court is affirmed.
AFFIRMED.

. The appellants filed their brief pro se on March 31, 2010, but subsequently a motion to enroll as counsel was filed on May 5, 2010, and counsel filed a reply brief on behalf of the appellants on May 26, 2010.